IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   09-cv-02434-REB-MJW

CINDY H. SANDOVAL,

Plaintiff,

v.

ANNA MARTINEZ-BARNISH,

Defendant.

## ORDER REGARDING PLAINTIFF'S MOTION TO AMEND COMPLAINT
(Docket No. 28)

**Entered by Magistrate Judge Michael J. Watanabe**

Before the court is the plaintiff's Motion to Amend Complaint (Docket No. 28) to which the United States, an interested party, has filed a Response in Opposition (Docket No. 33).  The court has considered these motion papers as well as applicable Federal Rules of Civil Procedure and case law.  In addition, the court has taken judicial notice of the court's file.  The court now being fully informed, makes the following findings and order.

Plaintiff seeks to amend her Complaint to effectively dismiss the Department of Energy as a defendant[1] and to limit her claims exclusively to those under state law against defendant Martinez-Barnish.  The proposed Amended Complaint includes an allegation that at all pertinent times, defendant Martinez-Barnish was acting outside the

---

[1] On January 28, 2010, Judge Blackburn approved the plaintiff's Notice of Dismissal of the United States as a Party Defendant.  (See Docket Nos. 29 and 30).

2

course and scope of her employment.

Pursuant to Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Bylin v. Billings, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993)). "The liberal granting of motions for leave to amend reflects the basic policy that pleadings should enable a claim to be heard on its merits." Carr v. Hanley, 2009 WL 4693870, *1 (D. Colo. Dec. 3, 2009) (quoting Calderon v. Kansas Dep't of Soc. and Rehab. Servs., 181 F.3d 1180, 1186 (10th Cir. 1999)).

The United States, which is not yet a party, asserts that the motion should be denied to the extent it seeks to amend Plaintiff's initial allegation that Martinez was acting within the scope of employment because the proposed amendment is allegedly highly prejudicial and futile. The United States further asserts that the plaintiff should be judicially estopped from adopting an inconsistent position.

"[P]rejudice under Rule 15 'means undue difficulty in prosecuting [or defending] a lawsuit as a result of a change of tactics or theories on the part of the other party." Texas Instruments, Inc. v. BIAX Corp., 2009 WL 3158155, *3 (D. Colo. Sept. 28, 2009). Here, the United States, which is not a party in this action, has not established any undue difficulty in defending this lawsuit that would result from the proposed amendments.

Furthermore, the doctrine of judicial estoppel provides that "[w]here a party

3

assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice to the party who has acquiesced in the position formerly taken by him." Johnson v. Lindon City Corp., 405 F.3d 1065, 1069 (10th Cir. 2005) (quotations omitted).  Several factors which are typically used to determine when to apply judicial estoppel include the following : (1) "a party's later position must be 'clearly inconsistent' with its earlier position," (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled,'" and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped."  Id.  (quotations and citations omitted).  "The requirement that a previous court has accepted the prior inconsistent factual position ensures that judicial estoppel is applied in the narrowest of circumstances."  Id. (quotations omitted).

    I find that judicial estoppel does not apply under the circumstances presented here.  This is not a case where the plaintiff assumed a certain position in this case, succeeded in maintaining that position, and then assumed a contrary position.  In fact, in response to the United States' Motion to Substitute Itself as the Sole Defendant, plaintiff clearly advised the court that it was simultaneously filing the instant Motion to Amend Complaint and that in her original Complaint erroneously stated that Martinez-Barnish was acting within the scope of her employment and authority at the time of the assault in battery.  (Docket No. 27 at 1).  In addition, plaintiff advised the court that

4

"[u]pon further review and discovery, it is now apparent that Martinez-Barnis was *not* acting within the course and scope of her employment at the time of the assault and battery. Nowhere does it appear that Martinez-Barnish's job duties included performing a body search of any person, including Plaintiff. The DOE has not produced any evidence supporting its position to the contrary. Plaintiff has requested that the DOE provide a job description for Martinez-Barnish in order to confirm this." (Docket No. 27). In support of its assertion that plaintiff persuaded the court to adopt her earlier position that Martinez was acting within the scope of her employment, the United States asserts that "[w]hen Plaintiff conceded DOE's motion to dismiss, she agreed with DOE's arguments for dismissal, urging them to adopt them." (Docket No. 33 at 7). Plaintiff's response to that motion to dismiss, however, was merely that she did "not object to the Department of Energy's (DOE's) Motion to Dismiss, solely as to DOE, and consents to remand of this matter to state court." (Docket No. 19). The United States has made no showing that the plaintiff persuaded the court to adopt the position that Martinez was acting within the scope of her employment.

As to the United States' futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steel Wise, LLC, 2008 WL 2520423, at *4 (D. Colo. June 20, 2008). In the General Steel case, Judge Ebel stated, in pertinent part: "Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." Furthermore, the United States' futility arguments are based on arguments that may very well not be applicable to the plaintiff's amended

5

pleading inasmuch as it does not include a FTCA claim.

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED** that plaintiff's Motion to Amend Complaint (Docket No. 28) is **granted**. The tendered Amended Complaint and Jury Demand (Docket No. 28-2) is accepted for filing as of the date of this Order.

Date: February 19, 2010　　　　　　　　　　s/ Michael J. Watanabe
　　　　Denver, Colorado　　　　　　　　　　Michael J. Watanabe
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge