IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO


Civil Action No.   09-cv-02434-REB-MJW

CINDY H.  SANDOVAL,

Plaintiff,

v.

ANNA MARTINEZ-BARNISH,

Defendant.

---

## RECOMMENDATION ON
## THE UNITED STATES' MOTION TO SUBSTITUTE ITSELF AS THE SOLE
## DEFENDANT (DOCKET NO. 48)

---

**Entered by Magistrate Judge Michael J. Watanabe**


        This matter came on for hearing on August 18, 2010, on the United States'

Motion to Substitute Itself as the Sole Defendant (docket no. 48).  The court has

reviewed the subject motion, the response (docket no. 52), and the reply (docket no.

53).  In addition, the court has considered the legal briefs (docket nos. 84 and 86) and

has taken judicial notice of the court's file.  Further, the court has considered the

testimony and credibility of the witnesses and the exhibits received into evidence.  Also,

the court has considered applicable Federal Rules of Civil Procedure and case law.

Lastly, the court has considered oral argument presented by the parties.  The court now

being fully informed makes the following findings of fact, conclusions of law, and

recommendation.

        The United States contends, in the subject motion, that Defendant Anna

Martinez-Barnish was acting within the scope of her employment when she, as an employee for the United States, went into the ladies room along with Plaintiff Cindy H. Sandoval ("Plaintiff Sandoval") and fellow employee Shirley Contreas ("Contreas") to observe first-hand flying ant bite marks that Plaintiff Sandoval had previously informed Defendant Martinez-Barnish that she received at her work station.  United States contends that under the totality of the circumstances, Defendant Martinez-Barnish's intention was to report and fix an unsafe and unhealthy work condition, namely, flying ants in Plaintiff Sandoval's work area that bit her.  Moreover, United States asserts that Defendant Martinez-Barnish believed that it was her responsibility to fix the flying ant problem that had persisted for over one week and was causing harm in the form of infected bites to Plaintiff Sandoval.  The United States further contends that Defendant Martinez-Barnish was carrying out her United States Department of Energy mandated duties by reporting and witnessing the flying ant bites on Plaintiff Sandoval's body so that Plaintiff Sandoval could obtain reimbursement for lost wages and medical expenses from the building property's manager since Plaintiff Sandoval had used up her paid sick leave time.  Lastly, the United States contends that since Defendant Martinez-Barnish was working within the scope of her employment for the United States at the time of the incident in question then under 28 U.S.C. § 2679(d)(1), the United States should be substituted as the sole defendant in this lawsuit.

Plaintiff Sandoval contends that Defendant Martinez-Barnish was acting outside the scope of her employment at the time of the alleged assault and battery on Plaintiff Sandoval.  In particular, Plaintiff Sandoval contends that Defendant Martinez-Barnish was acting outside the scope of her employment when she entered the ladies' restroom

with Plaintiff Sandoval and fellow employee Contreas. Lastly, Plaintiff Sandoval
contends that everything that occurred in the ladies' restroom was, in fact, outside the
scope of Defendant Martinez-Barnish's employment.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

1. That I have jurisdiction over the subject matter and over the parties
to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has had a fair and adequate opportunity to be
heard on the subject motion;

4. That in Plaintiff Sandoval's Amended Complaint, there are claims
for (1) assault, (2) battery, (3) extreme and outrageous conduct,
and (4) intentional interference with contractual relations against
Defendant Martinez-Barnish. See paragraphs 20-38, inclusive, in
the Amended Complaint;

5. That at the time of the alleged incident as outlined in the Amended
Complaint, Plaintiff Sandoval was a contract employee for Navarro
Research and Engineering, Inc. ("Navarro"), and was assigned to
process requests under the Freedom of Information Act (FOIA") for
the United States Department of Energy's Golden, Colorado, Field
Office ("GFO"). Defendant Martinez-Barnish was GFO's Public
Affairs Specialist and FOIA/Privacy Act Officer at the time of the
alleged incident as outlined in the Amended Complaint, and she

was responsible for the management and oversight of the GFO's FOIA/Privacy Act programs;

6.    That Defendant Martinez-Barnish was responsible to train, develop, and work with Plaintiff Sandoval on a day-to-day basis on FOIA and Privacy Act matters involving the GFO.  Defendant Martinez-Barnish was responsible for Plaintiff Sandoval's daily assignments and for overseeing her work.  At the time of the alleged incident, Defendant Martinez-Barnish had been working with Plaintiff Sandoval for approximately one and one-half years;

7.    That during the week July 13, 2010, Plaintiff Sandoval reported to Defendant Martinez-Barnish that she was being bitten by flying ants.  Defendant Martinez-Barnish reported this problem to Mr. Powers and to the Department of Energy and also provided to the Department of Energy a flying ant that she captured in a plastic bag.  Plaintiff Sandoval reported her bites to Navarro, and she also provided some flying ants in a bag to the Department of Energy. On the morning of July 21, 2009, Plaintiff Sandoval was at her work area and suffered some additional flying ant bites.  Plaintiff Sandoval indicated that she had been bitten on her inner thigh, and they were red.  Defendant Martinez-Barnish told Plaintiff Sandoval that she would be moved to a different work area and that she would help her move her things to the new work area.  At this junction, Defendant Martinez-Barnish determined that she needed

to verify Plaintiff Sandoval's flying ant bites, and she called upon fellow employee Shirley Contreas, and they both walked to the ladies' restroom with Plaintiff Sandoval even though Defendant Martinez-Barnish testified on cross examination that she believed Plaintiff Sandoval had been bitten by flying ants. They (Defendant Martinez-Barnish, Contreas, and Plaintiff Sandoval) went into the handicap stall in the ladies' restroom together.  At that point, at the request of Defendant Martinez-Barnish, Plaintiff Sandoval showed both Defendant Martinez-Barnish and Contreas her bite marks on her arm, legs, and inner thigh, and Plaintiff Sandoval was also asked by Defendant Martinez-Barnish to remove her blouse and pants to show Defendant Martinez-Barnish and Contreas her bite marks.  Plaintiff complied with this request.  Defendant Martinez-Barnish pulled down on the elastic part of Plaintiff Sandoval's panties from her back/ posterior side to see the bite marks.  Plaintiff Sandoval did not object and consented to Defendant Martinez-Barnish's requests to see the bite marks.  Both Defendant Martinez-Barnish and Contreas saw the bite marks in each of these locations on Plaintiff Sandoval's body.  After Contreas saw the bite marks on Plaintiff Sandoval's back/posterior, they (Plaintiff Sandoval and Contreas) both looked at each other in shock. Contreas thought it was strange for Defendant Martinez-Barnish to ask Plaintiff Sandoval to unzip her pants to see bite marks.

According to Contreas' testimony, Plaintiff Sandoval looked scared and confused and looked like **"a deer in headlights."** Later, Defendant Martinez-Barnish sent an e-mail to Navarro regarding the flying ant bites. Defendant Martinez-Barnish testified that it was her intent to help a co-worker and friend (i.e., Plaintiff Sandoval) with a situation that was not being resolved. See Defendant's exhibit D and see testimony of Defendant Martinez-Barnish;

8.  That Christopher Powers, Chief of Exterior Affairs, testified that the Department of Energy requires all of its employees to report safety or health hazards and violations in the workplace. Each employee is evaluated in this regard annually, and it is part of each employee's performance review each year. An employee could possibly be removed if he/she failed to report a safety or health hazard. Mr. Powers testified that the physical examination performed by Defendant Martinez-Barnish upon Plaintiff Sandoval in the ladies' restroom was not authorized and was inappropriate;

9.  That Defendant Martinez-Barnish's job description for the position of Public Affairs Specialist, GS-1035-13, does not authorize a physical examination on another employee. See Plaintiff's exhibit one;

10. That at this hearing, Plaintiff Sandoval testified that she did not consent to show Defendant Martinez-Barnish and Contreas her bite marks in the handicap stall in the ladies' restroom but that

Defendant Martinez-Barnish told her to show them.  She testified that she was intimidated and terrified of Defendant Martinez-Barnish and that Defendant Martinez-Barnish had humiliated her in front of other employees in the past over her grammar and spelling on written work product (i.e., correspondence) that she had done.  Plaintiff Sandoval further testified that Defendant Martinez-Barnish had previously criticized her on her clothing attire and hair and that she further informed her that she needed to further her education in case her husband decided to leave her in the future.  Moreover, there was an incident in the past where Defendant Martinez-Barnish told Plaintiff Sandoval that if she picked up that box, that Defendant Martinez-Barnish would slap her.  Plaintiff Sandoval testified further that she told Mr. Scott Rogers from Navarro that she was intimidated by Defendant Martinez-Barnish, but she does not recall the telling Mr. Powers that she was intimidated by Defendant Martinez-Barnish;

11.   That the Federal Tort Claims Act ("FTCA") provides that suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful actions of federal employees taken within the scope of their employment.  28 U.S.C. § 2679 (b)(1);

12.   That the FTCA also provides that upon certification by the Attorney General or his delegated representative that a federal employee

was acting within the scope of employment at the time of the incident out of which the claim arose, any civil action arising out of the incident shall be deemed an action against the United States, and the United States shall be substituted as the sole defendant for said claim.  <u>See</u> 28 U.S.C. § 2679(d)(1);

13.    That the Attorney General has delegated certification authority to the Assistant Attorney General in charge of the Civil Division.  <u>See</u> 28 C.F.R. § 15.3.  In turn, the Assistant Attorney General in charge of the Civil Division has re-delegated certification authority to the United States Attorneys.  <u>See</u> Appendix to 28 C.F.R. § 15.3;

14.    That David M. Gaouette, the United States Attorney for the District of Colorado at the time of the filing of the subject motion, has certified that at the time of the incident alleged in the complaint, Defendant Martinez-Barnish was acting within the scope of her federal employment.  <u>See </u>exhibit A-1 attached to the subject motion and <u>see also</u> Plaintiff's exhibit 12;

15.    That since a certification has been filed by the United States, then Plaintiff Sandoval carries the burden of proof to establish specific facts rebutting the certification that Defendant Martinez-Barnish was acting within the scope of her federal employment at the time of the alleged incident.  <u>Richman v. Straley</u>, 48 F.3d 1139, 1145 (10th Cir. 1995) ("This certification, although subject to de novo review, is prima facie evidence that an employee's challenged

conduct was within the scope of his employment. The plaintiff bears the burden of rebutting the scope-of-employment certification with specific facts."). Such certification is not conclusive with respect to substitution of the United States as the party-Defendant. Herlik v. Knight, 2008 WL 185521, *2 (D. Colo. Jan. 28, 2008). Plaintiff Sandoval retains the right to challenge the scope of employment determination, and in Gutierrez de Martinez v. Lamagno, 515 U.S. 417, 432 (1995), "the Supreme Court specifically adopted a presumption favoring judicial review prior to substitution of parties if the scope of employment certification is contested, as it is in this case." Herlik, 2008 WL 1885521, *2;

16.     That the Tenth Circuit has held that "[f]or purposes of the [Federal Employees Liability Reform and Tort Compensation Act], 'scope of employment' is defined by the respondent superior law of the state where the incident occurred." Richman v. Straley, 48 F.3d 1139, 1145 (10th Cir. 1995). In this case, it is undisputed that the incident took place in the state and District of Colorado, and therefore Colorado respondent superior law applies;

17.     That in determining whether an employee was acting within the scope of employment, the court will look at the "totality of the circumstances." Podboy v. Fraternal Order of Police, Denver Sheriff Lodge 27, 94 P.3d 1226, 1230 (Colo. Ct. App. 2004);

18.     That "[a]n act of an employee is within the scope of his employment

if the work done is assigned to him by his employer, is necessarily incidental to that work, or is customary in the employer's business." Id. Also, to determine whether an employee's alleged intentional tort was within the scope of employment, "the agent's intent in committing the tortious act must be to further the employer's business." Moses v. Diocese of Colo., 863 P.2d 310, 330 n.27 (Colo. 1993). Thus, "if an employee commits an intentional tort solely for reasons that do not further his  employer's business or cannot be considered a natural incident of employment, the employer cannot be vicariously liable." Id.; and

19. That based upon the evidence presented, I find, under the totality of the circumstances, that Plaintiff Sandoval has carried her burden of proof and has rebutted the certification that Defendant Martinez-Barnish was acting within the scope of her employment during the incident in the ladies' restroom on July 21, 2009.  Defendant Martinez-Barnish had already discharged her duty to report any safety or health hazards when she told Mr. Powers of the flying ant problem and when she reported the same to the Department of Energy prior to the incident in the ladies' restroom on July 21, 2009. Accordingly, I recommend that the the subject motion be denied.

## RECOMMENDATION

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

court **RECOMMENDS**:

    1.    That the United States' Motion to Substitute Itself as the Sole Defendant (docket no.48) be **DENIED**; and,

    2.    That each party shall pay their own attorney fees and costs for the subject motion.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 24th day of August 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S MAGISTRATE JUDGE