IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No. 09-cv-02434-REB-MJW

CINDY H. SANDOVAL,

    Plaintiff,

v.

ANNA MATINEZ-BARNISH,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND

**Blackburn, J.**

This matter is before me on the plaintiff's **Motion To Remand To State Court** [#44[1]] filed June 11, 2010. The United States filed a response [#50], and the defendant joined [#54] in the United States' response. I deny the motion.

Under 28 U.S.C. § 1441(a), an action may be removed to federal district court if it is one over which the district court would have had original jurisdiction. In this case, the plaintiff asserts claims against the defendant, who is an employee of the United States. As permitted by law, the United States Attorney for the District of Colorado issued a certification that the defendant, Anna Martinez-Barnish, was acting within the scope of her federal employment when she took the actions alleged in the complaint. The United States filed a motion [#48] to substitute itself as the sole defendant in this case under 28 U.S.C. § 2679(b)(1). In an order issued concurrently with this order, I have denied the

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

United States' motion to substitute itself as the sole defendant. In that order, I approve and adopt the conclusion of the magistrate judge that the defendant was not acting within the scope of her employment with the United States when she took the actions alleged in the complaint, and the magistrate judge's recommendation that the United States' motion to substitute be denied. The United States is not a party to this case.

In her motion to remand [#44], the plaintiff argues that this case is a dispute between two private citizens who both are citizens of the State of Colorado. The plaintiff asserts state law claims against the defendants. Under these circumstances, the plaintiff argues, this court does not have jurisdiction over this case and the case must be remanded to state court. Given the procedural history of this case, I disagree.

Title 28 U.S.C. § 2679(d)(2) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C.A. § 2679. This case has followed the procedural path described in § 2679(d)(2).

Even though I have determined that the United States Attorney's certification concerning the defendant's scope of employment was unwarranted, this case is not subject to remand to state court. Interpreting § 2679(d)(2), the United States Supreme Court held:

Congress gave district courts no authority to return cases to state courts on

2

> the ground that the Attorney General's certification was unwarranted. Absent certification, § 2679(d)(3) directs that the case must be remanded to the state court in which the action commenced. In contrast, when the Attorney General certifies scope of employment, his certificate "conclusively establish[es] scope of office or employment for purposes of removal." § 2679(d)(2) (emphasis added). Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect. For purposes of establishing a forum to adjudicate the case, however, § 2679(d)(2) renders the Attorney General's certification dispositive.

*Osborn v. Haley*, 549 U.S. 225, 241-242 (2007).

The plaintiff is correct that this case now is a private dispute between two private parties, both citizens of the State of Colorado, which dispute does not involve claims under federal law. Under most circumstances, this court would not have jurisdiction over this case. However, given the mandate of § 2679(d)(2), as interpreted by the United States Supreme Court in *Osborn*, I do not have the authority to remand this case to state court.

**THEREFORE, IT IS ORDERED** that the plaintiff's **Motion To Remand To State Court** [#44] filed June 11, 2010, is **DENIED**.

Dated September 17, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

3