**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 09-cv-02434-REB-MJW

CINDY H. SANDOVAL,

    Plaintiff,

v.

ANNA MATINEZ-BARNISH,

    Defendant.

## ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the **United States' Motion To Dismiss** [#32][1] filed January 29, 2010; **(**2) the **United States' Motion to Substitute Itself as the Sole Defendant** [#48] filed June 18, 2010; and (3) the magistrate judge's **Recommendation on the United States' Motion To Substitute Itself as the Sole Defendant (Docket No. 48)** [#91] filed August 24, 2010. The United States filed objections [#94] to the recommendation, and the defendant, Anna Martinez-Barnish, joined [#95] those objections. The plaintiff, Cindy Sandoval, filed a response [#96] to the objections. I overrule the objections, approve and adopt the recommendation, and deny the motion to substitute.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the magistrate judge's recommendations to which the United States and the defendant have

---

[1] "[#32]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

objected, and I have considered carefully the recommendation, objections, and applicable law.

The United States asserts in its motion to substitute that the plaintiff's claims against the defendant concern actions taken by the defendant within the scope of the defendant's employment as an employee of the United States. Under 28 U.S.C. § 2679(b)(1), part of the Federal Tort Claims Act, suit against the United States is the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful actions of federal employees taken within the scope of their employment.  If the wrongful actions of the defendant, as alleged in the plaintiff's complaint, were taken by the defendant within the scope of her employment by the United States, then the plaintiff's exclusive remedy is suit against the United States.  The magistrate judge conducted a hearing on the United States' motion to substitute and heard testimony from witnesses, including the plaintiff and the defendant. Following the hearing, the magistrate judge filed his recommendation.  The magistrate judge recommends that the motion to substitute be denied.

The plaintiff, Cindy Sandoval, was a contract employee for Navarro Research and Engineering, Inc.  At the relevant time, Sandoval was assigned to process requests under the Freedom of Information Act for the United States Department of Energy (DOE) in the DOE's Golden, Colorado field office (GFO).  The defendant, Anna Martinez-Barnish, was the GFO's Public Affairs Specialist and FOIA/Privacy Act Officer at the relevant time, and was responsible for the management and oversight of the GFO's FOIA/Privacy Act programs.  Martinez-Barnish had the responsibility to train, develop, and work with Sandoval on a day-to-day basis on FOIA and Privacy Act matters involving the GFO. Martinez-Barnish was responsible for Sandoval's daily assignments and for overseeing

Sandoval's work.

During the week of July13, 2010, Sandoval reported to Martinez-Barnish that Sandoval was being bitten by flying ants while working in her work area. Martinez-Barnish reported this problem to Christopher Powers, Chief of Exterior Affairs. On July 21, 2009, Sandoval was in her work area and suffered additional bites from flying ants. At that point,

> Martinez-Barnish determined that she needed to verify Plaintiff Sandoval's flying ant bites, and she called upon fellow employee Shirley Contreas, and they both walked to the ladies' restroom with Plaintiff Sandoval even though Defendant Martinez-Barnish testified on cross examination that she believed Plaintiff Sandoval had been bitten by flying ants. They (Defendant Martinez-Barnish, Contreas, and Plaintiff Sandoval) went into the handicap stall in the ladies' restroom together. At that point, at the request of Defendant Martinez-Barnish, Plaintiff Sandoval showed both Defendant Martinez-Barnish and Contreas her bite marks on her arm, legs, and inner thigh, and Plaintiff Sandoval was also asked by Defendant Martinez-Barnish to remove her blouse and pants to show Defendant Martinez-Barnish and Contreas her bite marks. Plaintiff complied with this request. Defendant Martinez- Barnish pulled down on the elastic part of Plaintiff Sandoval's panties from her back/ posterior side to see the bite marks. Plaintiff Sandoval did not object and consented to Defendant Martinez-Barnish's requests to see the bite marks. Both Defendant Martinez-Barnish and Contreas saw the bite marks in each of these locations on Plaintiff Sandoval's body.

*Recommendation* [#91], p. 5. Based on the July 21, 2009, incident, Sandoval asserts against Martinez-Barnish claims of assault, battery, extreme and outrageous conduct, and intentional interference with contractual relations.

The magistrate judge recommends that the United States' motion be denied because Martinez-Barnish was not acting within the scope of her employment when she conducted the examination of Sandoval. The United States argues in its objection that the magistrate judge's recommendation must be rejected because he failed to apply the facts in the record to the applicable legal standard and because the evidence in the record does not support the magistrate judge's conclusion. I disagree.

3

Under the circumstances of this case, "'scope of employment' is defined by the *respondeat superior* law of the state where the incident occurred. **Richman v. Straley**, 48 F.3d 1139, 1145 (10th Cir. 1995). The magistrate judge and the parties agree correctly that the applicable legal standard is stated in **Moses v. Diocese of Colo.**, 863 P.2d 310, 330 n. 27 (Colo. 1993):

> Although the commission of an intentional tort may sometimes be within the scope of employment, the agent's intent in committing the tortious act must be to further the employer's business. **See Cooley v. Eskridge**, 125 Colo. 102, 112, 241 P.2d 851, 856 (1952) (stating authority to do an unlawful act will not be implied unless it is warranted from the nature of the employment itself) (citations omitted); **Byrd v. Faber**, 57 Ohio St.3d 56, 565 N.E.2d 584, 587 (1991) (giving the example that a bar owner employing a bouncer may be vicariously liable to a patron if the bouncer injures the patron while removing him from the premises). However, if an employee commits an intentional tort solely for reasons that do not further his employer's business or cannot be considered a natural incident of employment, the employer cannot be vicariously liable. **Cooley**, 125 Colo. at 114, 241 P.2d at 857.

"An act of an employee is within the scope of his employment if the work done is assigned to him by his employer, is necessarily incidental to that work, or is customary in the employer's business." **Podboy v. Fraternal Order of Police, Denver Sheriff Lodge 27**, 94 P.3d 1226, 1230 (Colo. App. 2004). "The determination whether an injury occurred within the scope of employment depends on an examination of the totality of the circumstances." **Id**.

The magistrate judge considered Martinez-Barnish's testimony about her intent at the time she examined Sandoval's body, which intent was "to help a co-worker and friend (i.e., Plaintiff Sandoval) with a situation that was not being resolved." *Recommendation* [#91], p. 6. He considered also whether Martinez-Barnish's employer had authorized her to conduct the examination in question. Christopher Powers, Chief of Exterior Affairs, testified that the physical examination in question was "not authorized and was

4

inappropriate." *Id.*, p. 6. Evidence that Martinez-Barnish's intent was to further her employer's business is, at best, extremely attenuated. There is no evidence that the examination of Sandoval's body was assigned to Martinez-Barnish by her employer, was necessarily incidental to her work, or was customary in her employer's business. In addition, there is no evidence that the examination of Sandoval's body properly may "be considered a natural incident of [Martinez-Barnish's] employment." **Moses**, 863 P.2d at 330 n. 27.

Having reviewed the recommendation [#91] *de novo*, I find and conclude that the magistrate judge applied the correct legal standard, examined the relevant evidence, including the testimony of the parties and other relevant witnesses, and reached the correct findings and conclusions. The evidence in the record supports the conclusion that Martinez-Barnish was not acting within the scope of her employment when she took the alleged actions that are the basis of the plaintiff's claims.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation on the United States' Motion To Substitute Itself as the Sole Defendant (Docket No. 48)** [#91] filed August 24, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections [#94] of the United States, filed September 7, 2010, and of defendant Martinez-Barnish [#95] filed September 8, 2010 are **OVERRULED** and **DENIED**;

3. That the **United States' Motion to Substitute Itself as the Sole Defendant** [#48] filed June 18, 2010, is **DENIED**; and

4. That the **United States' Motion To Dismiss** [#32] filed January 29, 2010, is **DENIED** as moot because the United States is not a named defendant in this case.

Dated September 17, 2010, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge